

**Minneapolis**
*City of Lakes*

**Office of the City Attorney**

Susan L. Segal
City Attorney

350 South 5th Street – Room 210
Minneapolis MN 55415

Office 612 673-2010
Civil Division Fax 612 673-3362
Criminal Division Fax 612 673-2189
CPED FAX 612 673-5112
TTY 612 673-2157

December 4, 2013

The Honorable Franklin L. Noel
United States District Court
9W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN  55415

Re:   *Kalberer, George H. v. William Palmer, Tim Dolan, John Does 1-10 or more, Hennepin County Medical Center ("HCMC"), HCMC John Does, Steven Hoeg*
      United States District Court File No.:  13-1665 (PJS/FLN)

Dear Judge Noel:

After obtaining permission from chambers, I write in response to Plaintiff's letter motion to compel discovery filed in the above-entitled matter on October 24, 2013, at ECF Doc. 10.  Plaintiff's letter motion refers to a letter Mr. Kalberer wrote to Minneapolis Police Chief Harteau, dated October 7, 2013, and filed in this case at ECF Doc. 11.  Plaintiff's letter motion appears to be seeking information allegedly related to Plaintiff's various claims set forth in his Amended Complaint.

Defendants Palmer, Dolan, and John Does affiliated with the Minneapolis Police Department (hereinafter "City Defendants") object to Plaintiff's letter motion as being:  untimely; premature; and improper; and request that it be denied.

Plaintiff's letter motion was filed with this Court some twelve days before any of the City Defendants were ever served with the Amended Complaint.  Presently, Defendant Palmer is the only City Defendant that has been served with Plaintiff's Amended Complaint.  Defendant Palmer's office accepted service on his behalf on November 4, 2013, well after Plaintiff filed his letter motion to compel.



City Information
and Services

www.ci.minneapolis.mn.us

Affirmative Action Employer

Judge Noel
December 4, 2013
Page 2

Not only is Plaintiff's motion premature and improper, but his efforts to seek discovery prior to serving the Amended Complaint violate of Rule 26(d) of the Federal Rules of Civil Procedure, which "[b]y its express terms, [ ] bars discovery until after the parties have conferred about a discovery plan as directed by Rule 26(f)." *McIntyre v. K-Mart Corp.*, 794 F.2d 1023, 1025 (5th Cir. 1986). As such, pursuant to Rule 26(f), if a conference has not occurred, parties "may not seek discovery from any source" in the absence of a stipulation or court order. Fed. R. Civ. P. 26(d).

Although Minneapolis Police Chief Harteau is not personally named as an individual party in this action, pursuant to City Charter, the City of Minneapolis represents the Minneapolis Police Department in lawsuits, and is responsible for discovery efforts concerning this matter. Therefore, the City Defendants assert that Plaintiff's efforts to seek discovery from Chief Harteau at this juncture concerning Plaintiff's alleged claims brought forth in this case violate Rule 26(d)(1). Any such discovery requests must be presented to the Minneapolis City Attorney's Office in the normal course of litigation, in accordance with this Court's orders and the Federal Rules of Civil Procedure.

Additionally, on November 25, 2013, the City Defendants filed a Rule 12(b)(6) motion to dismiss. Consequently, in the interest of judicial economy, the City Defendants respectfully request that any discovery in this case be held in abeyance until after the Court's rulings on the City Defendants' motion to dismiss.

In light of the foregoing reasons, the City Defendants respectfully request that Plaintiff's letter motion to compel discovery from the Minneapolis Police Department be denied.

Yours very truly,

DARLA J. BOGGS
Assistant City Attorney
(612) 673-2180

cc:   George Kalberer (via U.S. Mail)
      All other named parties (via ECF filing)