UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GEORGE H. KALBERER, | Case No. 13-CV-1665 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| WILLIAM PALMER; TIM DOLAN; JOHN DOES 1-10 or more; STEVEN HOEG; HENNEPIN COUNTY MEDICAL CENTER ("HCMC"); and HCMC JOHN DOES, | |
| Defendants. | |

Plaintiff George Kalberer filed a lawsuit in state conciliation court against E-Trade, a financial-services company, alleging that E-Trade stole $1,205 out of his E-Trade account. On June 22, 2011, Kalberer was on his way to a state-court hearing when he stopped by the office of Minneapolis police chief Tim Dolan to drop off two documents. Kalberer alleges that, while he was in Dolan's office, he was assaulted, seized, and transported to Hennepin County Medical Center ("HCMC") by various police officers (sued as John Does). He was held at HCMC until June 30, 2011 for a medical evaluation pursuant to the Minnesota Commitment and Treatment Act ("MCTA"), Minn. Stat. §§ 253B.01 et seq. Based on these events, Kalberer brings claims under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and state law against HCMC, Dolan, police officer William Palmer,[1] E-

---

[1] Palmer is apparently accused of assaulting, seizing, and transporting Kalberer to HCMC, although Kalberer makes contradictory assertions concerning Palmer's role. *Compare* ECF No. 51 at 15 (referring to "Palmer's violent assault, detention and seizure of Kalberer") *with id.* at 12-13, 19 (claiming that someone other than Palmer assaulted, seized, and transported him).

Trade employee Steven Hoeg, and various John Does (some of whom may or may not be federal officials, hence the *Bivens* claims).

This matter is before the Court on Kalberer's objection to the July 31, 2014 Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel. Judge Noel recommends granting in part and denying in part defendants' motions to dismiss. Kalberer objects to the extent that Judge Noel recommends dismissal of any of his claims. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court sustains Kalberer's objection in part. Specifically, the Court sustains Kalberer's objection insofar as it pertains to Kalberer's false-imprisonment claim against HCMC. The Court finds the remainder of Kalberer's objection to the R&R to be without merit.[2]

### A. *Monell* Liability

To begin, the Court agrees with Judge Noel that Kalberer has failed to adequately plead a viable § 1983 claim against either HCMC or (with one exception) the HCMC John Does.[3] An agency such as HCMC cannot be held vicariously liable for constitutional violations. *Monell v.*

---

[2]Kalberer has also filed an objection to the timeliness of defendant William Palmer's August 14, 2014 answer. ECF No. 69. Kalberer's objection is meritless. Palmer filed a motion to dismiss, and thus his answer is not due until 14 days after he receives notice that the Court has denied his motion. Fed. R. Civ. P. 12(a)(4)(A). Although the R&R *recommends* denial of Palmer's motion, the Court has not yet *ruled* on it (until now) and thus the time for Palmer to file an answer has not yet run. Palmer's August 14 answer is therefore timely.

[3]With the exception of a defendant named "Richard" (whose last name is unknown), Kalberer failed to specify that he is suing any John Doe in an individual capacity. *See* Am. Compl. ¶¶ 10, 12. As a result, he is bringing only official-capacity claims against these defendants. *Baker v. Chisom*, 501 F.3d 920, 923-24 (8th Cir. 2007). Kalberer's official-capacity claims against the HCMC John Does simply replicate his claims against HCMC. *Id.* at 925. The Court's analysis of Kalberer's claims against HCMC therefore applies equally to his official-capacity claims against the HCMC John Does.

*Department of Social Services*, 436 U.S. 658, 691 (1978).  Instead, the plaintiff must prove that a violation of his constitutional rights resulted from (1) an official municipal policy; (2) an unofficial municipal custom; or (3) a deliberately indifferent failure by the municipality to train or supervise its employees.  *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013).

Kalberer argues that HCMC acted pursuant to the MCTA, which, he contends, is unconstitutional.  Of course, the MCTA is a state law, not a county policy.  Nevertheless, there is at least a theoretical possibility that Kalberer could state a viable § 1983 claim against HCMC on the basis that HCMC had a policy of enforcing an unconstitutional state law.  The Eighth Circuit recently declined to decide whether a municipality could ever be liable under *Monell* for enforcing an allegedly unconstitutional state law, noting that the issue "has been the subject of extensive debate in the circuits."  *Slaven v. Engstrom*, 710 F.3d 772, 781 n.4 (8th Cir. 2013).  HCMC did not address this argument in its response to Kalberer's objection, and given the complexity of the issue, the Court will not address it in the absence of briefing from the parties.

Setting that aside, however, Kalberer's amended complaint fails to give adequate notice of any way in which the MCTA is unconstitutional.  Although Kalberer alleges that the MCTA *is* unconstitutional, Am. Compl. ¶¶ 49, 53, he does not explain *why* that is so.  As best as the Court can tell, Kalberer seems to be challenging the very existence of civil-commitment laws.  As a general matter, however, there is no question that civil-commitment laws are constitutional. *See Addington v. Texas*, 441 U.S. 418, 426 (1979) ("The state has a legitimate interest under its *parens patriae* powers in providing care to its citizens who are unable because of emotional disorders to care for themselves; the state also has authority under its police power to protect the

community from the dangerous tendencies of some who are mentally ill."). Moreover, "state statutes are presumed constitutional, and the plaintiff has the burden to show otherwise." *Branson v. O.F. Mossberg & Sons, Inc.*, 221 F.3d 1064, 1065 n.4 (8th Cir. 2000). Without an explanation of the basis of Kalberer's challenge, the Court is at a loss to know how HCMC can be expected to defend — or how the Court can be expected to analyze — the constitutionality of the MCTA.

In addition, by failing to explain why he believes that the MCTA is unconstitutional, Kalberer has failed to allege a plausible *Monell* claim against HCMC. Even if Kalberer's constitutional challenge to the MCTA is successful — and even if HCMC can be held liable for acting pursuant to an unconstitutional state law — Kalberer will not necessarily be entitled to recover against HCMC. For example, a successful as-applied challenge to the MCTA may not be sufficient to establish liability on the part of HCMC unless Kalberer establishes that HCMC has a policy or custom of applying the MCTA in the manner that he claims is unconstitutional. In short, Kalberer's failure to specify the basis for his constitutional challenge to the MCTA means that his *Monell* claims against HCMC are not adequately pleaded.

For these reasons, the Court will dismiss Kalberer's § 1983 claims against HCMC and the HCMC John Does without prejudice. If Kalberer wishes to revive these claims, he must move to amend his complaint in accordance with D. Minn. L.R. 7.1 and 15.1 and, to the extent he challenges the constitutionality of the MCTA, he must follow the procedures of Fed. R. Civ. P. 5.1(a). The Court suggests that, before moving to amend his complaint, Kalberer ought to research what qualifies as a municipal "policy" or "custom" for purposes of *Monell*. Kalberer seems to believe that if the employee of a government agency violates someone's constitutional

rights, that agency necessarily has a "policy" or "custom" of violating constitutional rights. That is not the law.

### B. Remaining Claims against HCMC and HCMC John Does

That leaves the following claims against HCMC and the HCMC John Does: (1) § 1983 and state-law claims against a John Doe defendant named Richard, whom Kalberer sued in his individual capacity, *see* Am. Compl. ¶ 12; and (2) a state-law claim of false imprisonment against HCMC. Kalberer's failure to plead a proper basis for *Monell* liability does not affect the viability of these claims. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (in contrast to official-capacity suits, "[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law"); *Wu v. City of New York*, 934 F. Supp. 581, 591-92 (S.D.N.Y. 1996) ("Although *respondeat superior* claims are barred against municipalities for § 1983 violations under *Monell*, such claims are available for violations of state law.").

#### 1. Richard

Kalberer alleges that Richard was "an actor, and/or actor/patient in the HCMC charade purporting to [be] a real patient at HCMC, who on the morning of 6/23/2011 attempted to instigate an assault upon Kalberer." Am. Compl. ¶ 12. Although *Monell* is no barrier to Kalberer's claims against Richard, the Court nevertheless concludes that they should be dismissed under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

First, to the extent that Kalberer may be alleging an assault claim against Richard, his claim fails as a matter of law. "An assault is an unlawful threat to do bodily harm to another

with present ability to carry the threat into effect.  Mere words or threats alone do not constitute assault."  *Dahlin v. Fraser*, 288 N.W. 851, 852 (Minn. 1939).  Kalberer alleges only that Richard "verbally accosted" him, stated "No one Cares, No one Cares," and said something about the Teamsters.  Am. Compl. ¶¶ 25, 54.  These allegations are insufficient to state a claim of assault.

Second, Kalberer's § 1983 claims against Richard — the nature of which is unclear — are based on the allegation that Richard was acting under color of state law as an agent or coconspirator of HCMC.[4]  Kalberer has not pleaded sufficient facts to establish a facially plausible claim that this was the case, however.  The Court will therefore grant HCMC's motion to dismiss as it pertains to Richard.

2.  HCMC

HCMC's only asserted ground for dismissal of Kalberer's state-law claim of false imprisonment is the MCTA's immunity provision.  That provision states, in pertinent part:

> All persons acting in good faith, upon either actual knowledge or information thought by them to be reliable, who act pursuant to any provision of this chapter or who procedurally or physically assist in the commitment of any individual, pursuant to this chapter, are not subject to any civil or criminal liability under this chapter.

---

[4]In his brief in opposition to defendants' motions, Kalberer seems to argue that he never alleged a conspiracy.  *See* ECF No. 51 at 13-14 (arguing that it is "simply not true" that his amended complaint suggests a conspiracy and asserting that "[t]he word conspiracy was never used not even once in my 83 paragraph complaint").  In his objection to the R&R, however, Kalberer claims that all of the defendants conspired together. ECF No. 67 at 1. Regardless of whether Kalberer's amended complaint uses the word "conspiracy," he clearly means to allege that Richard and HCMC acted in concert.  Am. Compl. ¶ 12 (alleging that Richard was an actor "in the HCMC charade" and was acting under color of state law).  Indeed, if that is not what Kalberer means to allege, then his § 1983 claims against Richard would fail for that reason. *Young v. Harrison*, 284 F.3d 863, 870 (8th Cir. 2002) ("Private parties are only liable under 42 U.S.C. § 1983 when they have been jointly engaged with public officers in the denial of civil rights.").

Minn. Stat. § 253B.23, subd. 4.[5] HCMC argues that Kalberer has failed to allege any facts showing that it did not act in good faith. The Court disagrees.

Under the MCTA, a person who is "mentally ill, developmentally disabled, or chemically dependent, and is *in danger of causing injury to self or others* if not immediately detained" may be temporarily held for emergency care and treatment. Minn. Stat. § 253B.05, subd. 1 (emphasis added). As Judge Noel found, however, "nothing in the record suggests that the conclusion that Kalberer posed a danger to himself or others was objectively reasonable." R&R at 11. William Palmer, the officer who allegedly transported Kalberer to HCMC, informed HCMC that Kalberer was "agitated" and that Kalberer had made allegations about a conspiracy involving his E-Trade account. Am. Compl. Ex. B [ECF No. 4-1 at 111]. Palmer also reported that, according to the Golden Valley police department, Kalberer lived in a "garbage house." *Id.* HCMC does not explain how these observations translate into a good-faith belief that Kalberer posed a danger to himself or others, and Judge Noel found that they were insufficient to entitle Palmer to immunity as a matter of law under § 253B.23.

At this early stage of the case, the Court likewise cannot conclude that HCMC is entitled to immunity as a matter of law. In this regard, it is worth noting that the cases HCMC cites in support of its immunity argument were all decided either on summary judgment or at trial. *See Enberg v. Bonde*, 331 N.W.2d 731, 734-35 (Minn. 1983); *Losen v. Allina Health Sys.*, 767 N.W.2d 703, 707 (Minn. Ct. App. 2009); *Mjolsness*, 524 N.W.2d at 530; *see also Nerad v.*

---

[5]Although the immunity provision would only seem to preclude liability "under this chapter" (that is, Chapter 253B of the Minnesota Statutes), Minnesota courts have applied it to preclude common-law liability as well. *See Mjolsness v. Riley*, 524 N.W.2d 528, 530 (Minn. Ct. App. 1994).

*Regions Hosp.*, No. A11-1439, 2012 WL 987313, at *2 (Minn. Ct. App. Mar. 26, 2012) ("Respondents argue that the district court should have determined that immunity applied. . . . But as the district court determined, in order to conclude that respondents were entitled to immunity, it would have had to engage in fact-finding to determine whether respondents acted in 'good faith.'"). The Court will therefore deny HCMC's motion to dismiss the false-imprisonment claim.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS IN PART and REJECTS IN PART the R&R [ECF No. 62]. Accordingly, IT IS HEREBY ORDERED THAT:

1. The motion to dismiss of defendants Hennepin County Medical Center and related John Does [ECF No. 16] is GRANTED IN PART and DENIED IN PART.

    a. The motion is DENIED as to plaintiff's false-imprisonment claim against Hennepin County Medical Center.

    b. The motion is GRANTED in all other respects, except that plaintiff's claims under 42 U.S.C. § 1983 against Hennepin County Medical Center are DISMISSED WITHOUT PREJUDICE. All other dismissed claims are DISMISSED WITH PREJUDICE.

2. The motion to dismiss of defendants William Palmer, Tim Dolan, and related John Does [ECF No. 22] is GRANTED IN PART and DENIED IN PART.

    a.  The motion is GRANTED as to all claims against Tim Dolan and all such claims are DISMISSED WITH PREJUDICE.

    b.  The motion is DENIED in all other respects.

  3.  Defendant Steven Hoeg's motion to dismiss [ECF No. 43] is GRANTED, and all claims against Hoeg are DISMISSED WITH PREJUDICE.

  4.  Plaintiff's objection to the timeliness of defendant William Palmer's answer [ECF No. 69] is OVERRULED.

Dated: September 11, 2014        s/Patrick J. Schiltz
                    Patrick J. Schiltz
                    United States District Judge