UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GEORGE H. KALBERER, | Case No. 13-CV-1665 (PJS/FLN) |
| Plaintiff, | |
| v. | ORDER |
| WILLIAM PALMER; TIM DOLAN; JOHN DOES 1-10 or more; STEVEN HOEG; HENNEPIN COUNTY MEDICAL CENTER ("HCMC"); and HCMC JOHN DOES, | |
| Defendants. | |

Plaintiff George Kalberer brings claims under 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and state law against various defendants arising out of his seizure and the subsequent psychiatric evaluation of him that was conducted pursuant to the Minnesota Commitment and Treatment Act, Minn. Stat. §§ 253B.01 et seq. The Court recently granted in part and denied in part defendants' motions to dismiss. ECF No. 75.

Kalberer has now filed a document entitled "District Judge Demand, Jury Trial Demand, Non Consent to Authority of Magistrate Judge." ECF No. 82. In this document, Kalberer (apparently) objects to the Court's order referring all dispositive and non-dispositive motions to Magistrate Judge Franklin L. Noel. *See* ECF No. 14. Kalberer argues that this case cannot be referred to a magistrate judge without his consent, and he demands that the undersigned personally conduct all proceedings in the case, including (apparently) the initial pretrial conference currently scheduled for November 25, 2014.

Kalberer is correct that, unless the parties consent, a magistrate judge cannot make a final ruling and enter judgment in a case. But a district judge does not need the parties' consent to refer motions and other pretrial matters to a magistrate judge. *See* 28 U.S.C. § 636(b); *Grover-Tsimi v. Minnesota*, 449 Fed. Appx. 529, 531 (8th Cir. 2011) (per curiam) ("Finally, this court rejects Grover-Tsimi's argument that her consent was needed before the magistrate judge could rule on non-dispositive matters and submit recommendations.").

With respect to non-dispositive matters — such as pretrial schedules and discovery disputes — the magistrate judge has the authority to "hear and determine any pretrial matter pending before the court . . . ." 28 U.S.C. § 636(b)(1)(A). The District of Minnesota has adopted a local rule under which all non-dispositive motions are heard and determined by magistrate judges as a matter of course in every case. *See* D. Minn. L.R. 72.1(a). A party may object to the magistrate judge's ruling on a non-dispositive matter, but the ruling is reviewed under a deferential standard. 28 U.S.C. § 636(b)(1)(A).

With respect to dispositive motions — such as motions to dismiss or for summary judgment — a district judge is authorized to refer such motions to a magistrate judge on a case-by-case basis. *See* 28 U.S.C. § 636(b)(1)(B); D. Minn. L.R. 72.1(b). Because the magistrate judge lacks authority to enter a final judgment, however, the magistrate does not issue a ruling, but instead makes a *recommendation* to the district judge. 28 U.S.C. § 636(b)(1)(B), (C). If a party objects to the recommendation, the district judge is obligated to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1).

This is exactly the procedure that the Court has followed thus far in this case. After the undersigned referred all motions to Judge Noel, Judge Noel heard defendants' motions to dismiss and issued a Report and Recommendation ("R&R") on July 31, 2014. Kalberer objected and, upon de novo review, the Court sustained a portion of his objection. In other words, the Court (not Judge Noel) ruled on those dispositive motions, and, in doing so, the Court declined to rule as Judge Noel had recommended.

The system has therefore worked exactly as intended — and exactly as authorized by law — and the Court sees no reason to vacate its order of reference or conduct any proceedings that are ordinarily referred to magistrate judges. Accordingly, the Court affirms its order of reference and denies Kalberer's demand that the undersigned conduct all proceedings in this case. Kalberer is obligated to appear before Judge Noel at the November 25, 2014 initial pretrial conference, ECF No. 76, and participate in all other proceedings scheduled before Judge Noel. If Kalberer disagrees with any of Judge Noel's rulings, then he may object to those rulings in accordance with 28 U.S.C. § 636(b) and D. Minn. L.R. 72.1, at which point the undersigned will review them.

The Court makes a couple of final observations for Kalberer's benefit:

First, Kalberer seems to fault the defense attorneys for not helping him litigate his case. For example, he states that they never advised him of his right to a district judge. The defense attorneys do not represent Kalberer, however, and they have no obligation to advise him as to how to litigate this case. Kalberer must do his own legal work.

Second, Kalberer seems to be attempting to raise new objections to Judge Noel's July 31, 2014 R&R. The time for Kalberer to object to that R&R has already expired, however, and the

Court has already ruled on his (timely) objection.  The Court therefore will not entertain Kalberer's new (untimely) objections.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court AFFIRMS its order referring all dispositive and non-dispositive motions in this case to Magistrate Judge Noel [ECF No. 14].  Plaintiff's apparent objection to that order [ECF No. 82] is OVERRULED.

Dated: November 20, 2014                              s/Patrick J. Schiltz
                                                                             Patrick J. Schiltz
                                                                             United States District Judge