UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA

RECEIVED

NOV 21 2014

CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

George H. Kalberer,

      Plaintiff,

v.                          Civil No. 13-1665 (PJS/FLN)

William Palmer, Et. Seq.

      Defendants,


NOTICE OF PRE-EMPTIVE FACIAL CONSTITUTION CHALLANGE TO THE
MINNESOTA COMMITMENT AND TREATMENT ACT, ("MCTA"), MINN. STAT.
253B.01 ET SEQ


Plaintiff Kalberer requests that this Notice of Pre-Emptive Facial Constitutional
Challenge and his District Judge Demand of 11/08/2014 be given priority over and above
and pre-empt all other matters before the Court and that the scheduled 11/25/2014 Court
conference at 9:15 am be delayed until after the Court decides and rules on the aforesaid,
and then rescheduled.

The Minnesota Commitment and Treatment Act, ("MCTA")  Minn Stat 253B.01 et. seq.
is clearly Unconstitutional and Chief Supreme Court Justice Warren Burger said so in the
Landmark  O'Connor v. Donaldson 422 U.S. 563 (1975) Supreme Court Case.  Burger
wrote:

…"It has been argued that a Fourteenth Amendment right to treatment for involuntarily
confined mental patients derives from the fact that many of the safeguards of the criminal
process are not present in civil commitment (This means the MCTA is clearly
Unconstitutional).  The Court of Appeals described this theory as follows:

"A Due Process right to treatment is based on the principle that when the three central
limitations on the government's power to detain - that detention be in retribution for
specific offense; that it be limited to a fixed term; and that it be permitted after a
proceeding where the fundamental procedural safeguards are observed - absent, there
must be a quid pro quo extended by the government to justify confinement.  And the quid
pro quo most commonly recognized is the provision of rehabilitative treatment." 493 F.
2d, at 522."

"To the extent that this theory may be read to permit a State to confine an individual

SCANNED
NOV 21 2014
U.S. DISTRICT COURT MPLS

simply because it is willing to provide treatment, regardless of the subject's ability to function in society, it raises the gravest of constitutional problems…"

…"Given the present state of medical knowledge regarding abnormal human behavior and its treatment, few things would be more fraught with peril than to irrevocably condition a State's power to protect the mentally upon providing of "such treatment as will give them a realistic opportunity to be cured." … Our concepts of the due process would not tolerate such a "trade-off."

p 331, and 332 "Insanity Inside Out." by Kenneth Donaldson, ISBN # 0-517-52531-3.

The MCTA and all civil commitment laws are clearly Unconstitutional. I believe that Chief Supreme Court Justice Warren Burger and the Supreme Court would ruled that the civil commitment law under which Donaldson was committed was Unconstitutional if Donaldson had challenged the constitutionality of the aforesaid civil commitment law. The problem is that Donaldson and his attorney made a mistake in that they did not challenge the constitutionality of the aforesaid civil commitment law.

I made the same mistake in my amended complaint in that I did not challenge the constitutionality of Minnesota's Emergency Civil Commitment Law, Minn. Stat. 253 Et. Seq. However, I did attempt to rectify the aforesaid mistake in my 1/24/2014 Memorandum of Law in Support of Complaint in which did challenge the constitutionality of the Minn. Stat. 253 et. Seq.. On pages 3 and 4 of his 9/11/2014 Order Patrick J. Schlitz states, in part, "Although Kalberer alleges that the Minnesota Commitment and Treatment Act ("MCTA"), Minn. Stat. 253B.01 et seq. is unconstitutional, he does not explain why that is so…. "If Kalberer wishes to revive these claims, he must move to amend his complaint in accordance with D. Minn. L.R. 7.1 and 15.1 and to the extent he challenges the constitutionality of the MCTA, he must follow the procedures of Fed. R. Civ. P.1 (a)."

Plaintiff Kalberer has filed this Notice of Pre-Emptive Facial constitutional Challenge to better explain why the MCTA is Unconstitutional and followed the procedures of Fed. R. Civ. P.1 (a). Plaintiff Kalberer believes that if District Judge Patrick J. Schlitz decides to rule in his favor and issue an order that the MCTA is Unconstitutional that Plaintiff Kalberer would be much less likely to ever again suffer the loss of Liberty and be incarcerated again in Minnesota under the MCTA without regard to the final outcome of the other issues involved and the final outcome of this case. For this and other reasons Plaintiff Kalberer believes this Notice of Pre-Emptive Facial Constitutional Challenge and his District Judge Demand of 11/08/2014 should be given priority over and above and pre-empt all other matters before the Court.

2

## GENERAL CONSTITUTIONAL CHALLENGES

## EQUAL PROTECTION - FOURTEENTH AMENDMENT

No citizen of the United States may be denied the equal protection of the laws.  The Equal Protection Clause is located at the end of Section 1 of the Fourteenth Amendment to the U.S. Constitution:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.  No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The Equal Protection Clause is part of the Fourteenth Amendment which not only guarantees that the laws of the United States will be applied without illegitimate distinctions based on gender or race, or age or purported mental illness and mental illness, but also precludes discriminatory application of laws based on arbitrary classifications.

Ronald Reagan discusses several arbitrary classifications of human life, the unborn and slaves, blacks, the aged and retarded on pages 17, 18, 19 and 70 of his book "Abortion and the Conscience of the Nation."

"The English poet, John Donne, wrote: "... any man's death diminishes me, because I am involved in mankind: and therefore never send to know for whom the bell tolls: it tolls for.  We cannot diminish the value of one category of human life - the unborn - without diminishing the value of all human life...Despite the formidable obstacles before us, we must not lose heart.  This is not the first time our country has been divided by a Supreme Court decision the denied the value of certain human lives.  The Dred Scott decision of 1857 was not overturned in a day, or a year, or even a decade.  At first, only a minority of Americans recognized and demanded the moral crisis brought about by denying the full humanity of our black brothers and sisters; but that minority persisted in their vision and finally prevailed.  They did it by appealing to the hearts and minds of their countrymen countrymen, to the truth of human dignity under God.  From their example we know that respect for the sacred value of human life is too deeply engrained in the hearts of our people to remain forever suppressed."

Purportedly mentally ill people and people that really are mentally ill are another arbitrary classification of human life.  All people detained and incarcerated pursuant to the MCTA are denied "many of the safeguards of the criminal process"* Warren Burger  O'Connor v. Donaldson 422 U.S. 563 (1975)  and equal protection of the laws guaranteed by the Constitution of the United States of America.  The MCTA diminishes the value of each and every human life of the purportedly mentally ill people detained and incarcerated by

MCTA, including people like myself who the Minneapolis Police and HCMC attempted to commit, but failed to commit. People are that are detained and incarcerated pursuant to the MCTA are psychiatric slaves. MTCA Psychiatrists function as jailers, and the inmates of their institution are prisoners. In voluntary psychiatry parallels involuntary servitude. The equal protection clause of the Fourteenth Amendment makes black slavery illegal and it should make psychiatric slavery illegal too. Kalberer prays that this court will make psychiatric slavery pursuant to the MCTA illegal and that the Court will issue an Order that the MCTA is Unconstitutional pursuant to the Equal Protection clause of the Fourteenth Amendment.

Kalberer and everyone in this arbitrary classification of human life caused by the MCTA was denied "many of the safeguards of the criminal process," * Warren Burger O'Connor v. Donaldson 422 U.S. 563 (1975)  and equal protection under of the laws which are guaranteed by the Constitution of the United states of America during the MCTA commitment attempt. Victims of the MTCA are denied the basic civil and human rights granted to killers, terrorists and criminals. Everyone detained and incarcerated by the MCTA both the purportedly mentally ill and the people who are mentally are denied equal protection of the laws of the United States. This arbitrary classification of human life is referred to as the "retarded" on page 70 of  Ronald Reagan's book" Abortion and the Conscience of a Nation," which states in part, "I am concerned about this because, when the first 273,000 German aged, infirm, and retarded were killed in gas chambers there was no outcry from that medical profession either, and it was not far from Auschwitz."

### TRIAL BY JURY - LOSS OF LIBERTY - SIXTH AMENDMENT

The right to a jury trial is a fundament common-law right preserved by the Framers of the Constitution. In the United States, every person accused of a crime punishable by incarceration for more than six months has a constitutional right to a trial, which arises in Federal Court from Article three of the United States Constitution, which states in part, "The Trial of all Crimes...shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed." The right was expanded with the Sixth Amendment to the United States Constitution, which states:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of counsel for his defense." Both provisions were made applicable to the states through the Fourteenth Amendment.

Psychiatric detainment can end up being a life sentence. Once the government succeeds

4

in getting the first commitment the defenses of the victim have been exhausted and the victim has no defenses left for future commitments by the government. Kenneth Donaldson explains how he was committed for 15 years in his book, "Insanity Inside Out." The MCTA is Unconstitutional because it does not allow for a jury trial and for many other reasons. The MCTA denies its victims "many of the safeguards of the criminal process" Warren Burger O'Connor v. Donaldson 422 U.S. 563 (1975)

United States Magistrate Judge Franklin L. Noel did a first class job of explaining Kalberer's "Fourteenth Amendment due process rights and the right to be free from unreasonable seizure under the Fourth Amendment."* in pages 7,8,9,10,11 and 12 of his 7/31/2013 Report. In the first paragraph of page 9 of Judge Noel's 7/31/2014 Report he stated,
"Courts also analyze civil commitment under the Fourth Amendment. See Maag v. Wessler, 960 F.2d 773, 775 (9th Cir. 1992) ("Although there are few decisions that discuss the fourth amendment standard in the context of the mentally ill, all have recognized the proposition that such a seizure is analogous to a criminal arrest and must therefore be supported by probable cause."). Being seized, detained and incarcerated pursuant to the MCTA "is analogous to a criminal arrest." p 9 ibid.

The MCTA is a 56 PDF file on the internet which you can web surf on Google and pages 23 and 24 of the aforesaid prove that the MCTA is Unconstitutional because it does not allow a trial by jury for victims of the MCTA:
"MCTA 253B.08 JUDICAL COMMITMENT; HEARING PRODURES...
Subdivision 1. Time for commitment hearing...
Subd. 2. Notice of hearing...
Subd. 2a. Place of hearing...
Subd. 3. Right to attend and testify...
Subd. 5. Absence permitted. (a)...
Subd. 5a. Witnesses...
Subd. 7. Evidence...
Subd. 8. Record Required..."

At no place in the MCTA is there any discussion of a Jury Trial if there was it should have been in the MCTA 253B.08 Section which is on pages 23 and 24 of the MCTA PDF file which Plaintiff Kalberer has submitted as Exhibit B as evidence that the MCTA is Unconstitutional because it does not allow victims a Jury Trial. MTCA victims are denied the basic civil rights and human rights granted to killers, terrorists and criminals who have the Right to a Jury Trial.

## TRIAL BY JURY - LOSS OF PROPERTY - SEVENTH AMENDMENT

The right to a jury trial is a fundamental common-law right preserved by the Framers of the Constitution. The Seventh Amendment of the U.S. Constitution states:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be persevered, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."

The MCTA bills it's victims without a Trial by Jury or even a Hearing. I incurred costs and was billed $22,215.08 by Hennepin County Medical Center, ("HCMC") for my nine (9) incarceration there from June 22, 2011 until June 30, 2011 without a Jury Trial or even a Hearing. The 9th Circuit Court has stated that being seized, detained, and incarcerated by the MCTA is, "analogous to a criminal arrest." ibid. From the point of view of a criminal arrest I was acquitted and found to be innocent being "in danger of injuring self or others if not immediately detained." MCTA 253B.05 Subd. 2 (2013). Victims of the MCTA suffer both loss of liberty and loss of property even when they are innocent. The loss of property aspect of being victimized by the MCTA is not addressed in the MCTA Judicial Commitment Hearing Procedures see Exhibit B.

Plaintiff Kalberer suspects that the costs which he incurred a $22,215.08 HCMC bill he received and was harnessed for both while he was in custody and after he was released may have been misconduct because of:

"MCTA 253B.02 Subd. 4c. (a) "County of financial responsibility" has the meaning specified in 256G has the meaning specified in chapter 256G."

"Minn Stat. 256G.08 Subdivision 1. Commitment Proceedings…the committing county shall initially pay for all costs. This includes the expenses of the taking into custody, confinement, emergency holds."

The $22,215.08 HCMC bill was submitted to the Court as an Exhibit with Plaintiff Kalberer's amended complaint. The amount of money in dispute is large enough that coupled with the loss of liberty it that it must be viewed as additional evidence that the MCTA's failure to provide it's victims with a Jury Trial is proof that the MTCA is Unconstitutional. MTCA victims are treated worse than criminals without the "many safeguards of the criminal process," Warren Burger, O'Connor v. Donaldson 422 U.S. 563 (1975).

## DUE PROCESS CLAUSE - CRIMINAL PROCESS - 5TH & 14TH AMENDMENTS

The Fifth and Fourteenth Amendments to the United States Constitution guarantee due process of law in federal and state court proceedings and contain a due process clause. Due process deals with the administration of justice and thus the due process clause acts as a safeguard from arbitrary denial of life, liberty, or property by the Government outside the sanction of law. The Supreme Court of the United States interprets the clauses however more broadly because these clauses provide four protections: procedural due

process (in civil and criminal proceedings), substantive due process, a prohibition against vague laws, and as the vehicle for the incorporation of the bill of rights.

The Fifth Amendment to the United States Constitution provides:
"Nor shall any person…be deprived of life, liberty, or property, without due process of law…"

Section One of the Fourteenth Amendment to the United States Constitution provides:
"Nor shall any State deprive any person of life, liberty, or property, without due process of law…"

The Supreme Court has interpreted those two clauses identically meaning that "due process of law" means the same thing in the Fifth and Fourteenth Amendments. The Supreme Court has established criminal procedural due process in America based on the U.S. Constitution and Amendments including the Fifth and Fourteenth Amendments. The MTCA is unconstitutional because it's procedural due process lacks "many safeguards of the criminal process," Warren Burger, O'Connor v. Donaldson 422 U.S. 563 (1975), which have been established by the Supreme Court. I have already proved in this Notice that MTCA is Unconstitutional because it's victims are denied the fundamental right to a jury trial.

## UNCONSTITUTIONAL VAGUENESS

In American constitutional law, a statue is "void for vagueness" and unenforceable of it is too vague for the average citizen to understand. There are several reasons a statute may be considered vague; in general, a statue might be called void for vagueness reason when an average citizen cannot generally determine what persons are regulated, what conduct is prohibited, or what punishment for example may be imposed. Criminal laws which do not state explicitly and definitely what conduct is punishable for example are void for vagueness. A statue is also void for vagueness if a legislature's delegation of authority to judge and/or administrators is so extensive that it would lead to arbitrary prosecutions.*Vagueness doctrine definition (http://www.cornell.edu/wex/vagueness_doctrine). Cornell University Law School Legal Information Institute.

In the case of vagueness, a statute might be considered void on constitutional grounds. Specifically, roots of the vagueness doctrine extend into the two due process clauses, in the Fifth and Fourteenth Amendments to the United States Constitution. The courts have generally determined that vague laws deprive citizens of their rights without fair process, thus violating due process.

The following pronouncement of the void for vagueness doctrine was made by Justice Sutherland in Connally v. General Construction Co., 269 U.S. 385, 391 (1926):

7

"The terms of a penal statue… must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties…and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."

The void for vagueness doctrine is a constitutional rule. This rule requires that criminal laws are so written that they explicitly and definitely state what conduct is punishable. The void for vagueness doctrine thus serves two purposes. First: All persons receive a fair notice of what is punishable and what is not.  Second: the vagueness doctrine helps prevent arbitrary enforcement of the laws and arbitrary prosecutions. *ibid, Cornell. There is however no limit to the conduct that can be criminalized, when the legislature does not set minimum guidelines to govern law enforcement.

The MTCA is enforced as a criminal law with false arrests and the excessive use of force and incarcerations. The MTCA in clearly Unconstitutionally Vague and the Court should void the law and declare it Unconstitutional.  Judge Noel cited the most important and relevant part of the MTCA on page 9 of his 7/31/2014 Report as follows:

"A peace or health officer may take a person into custody and transport the person to a licensed physician or treatment facility if the officer has reason to believe, either through direct observation of the person's behavior, or upon reliable information of the person's recent behavior and knowledge of the person's past behavior and knowledge of the person's past behavior or psychiatric treatment, that the person is mentally ill or developmentally disabled and in danger of injuring self or others if not immediately detained." * MTCA 253B.05 Subd. 2 (2013).

Page 9 ibid, "The statue does not require that a mentally ill person actually inflict physical harm before being committed, but the law does require "an overt act of some sort that reasonably can be interpreted as a threat or an attempt to harm." In re Civil Commitment of Olivares-Marquez, 2002 Minn App. LEXIS, * (Minn. Ct. App. Jan. 8, 2002) (reversing a civil commitment order where threat of harm element was not met), citing Enberg v. Bonde, 331 N.W. 2d 731, 736-38 (Minn. 1983).

Plaintiff Kalberer hereby refers to the complete record of this case as evidence that Palmer and all the police John Does and everyone at HCMC either does not understand the meaning of the "in danger injuring of self or others if not immediately detained," because the MTCA is Unconstitutionally Vague and/or are absolutely corrupt lying liars or both." Plaintiff Kalberer believes that it is both, but since the State of Minnesota is not willing to prosecute obvious corruption at this point in time for legal purposes the record in this case must be considered proof that the MTCA clearly Unconstitutional Vague.

Looking beyond this case to other MTCA cases a if the people that committed Olivares-

8

Marquez* page 9 ibid, were acting in good faith then it is reasonable to conclude that the MTCA is Unconstitutionally Vague. On page 10 of Judge Noel's 7/31/2014 Report he in part states, " The conclusion (Palmer's) that Kalberer could be dangerous is insufficient to under the statue to defeat Kalberer's plausible claim that he posed no such threat. (See In re Civ. Commitment of Leach, 2008 Minn. App. LEXIS 953, *4(Minn. App. Ct. 2000) ("Mere. App. Ct. 2000) ("Mere speculation as to whether the person, in the future, may attempt to threaten to harm self or others is not sufficient to justify commitment.") (citing In re McGaughey, 536 N.W. 2d 621, 623 (Minn. 1995)). If the people that committed Leach were acting in good faith then it is reasonable to conclude that the MTCA is Unconstitutionally Vague.

The MTCA is so Unconstitutionally Vague that it's enforcement has become mere speculation, which in turn is supportive of corruption, unjust enrichment schemes and tyranny. The MTCA does not specifically enumerate the practices that are considered to be a "danger of injuring self or others if not immediately detained." What exactly does "danger of injuring self or others if not immediately detained." mean???????????? No one except Judge Noel and judicial officials seems to know exactly the Hell that Means. Palmer does not have clue. Judge Noel has advised us on page 9 of his 7/31/2014 Report that "danger of injuring self or others if not immediately detained," means "an overt act of some sort that reasonably can be interpreted as a threat or an attempt." The problem with the Unconstitutionally Vague MTCA is it does not enumerate the practices or overt acts that are punishable pursuant to the MTCA. Judge Noel's "an overt act some sort that reasonably can be interpreted as a threat or an attempt to harm" clause must be written into the MTCA in order to have a statue the is not Unconstitutionally Vague. As the MTCA is currently is written logic, history, experience and the record in this case prove that the MTCA must be discarded in its current form. People's lives are at risk.

New York leads America in Law and Finance and New York has written a better civil commitment statue than the idiots in Minnesota did. The New York civil commitment statue in relevant part states:

"Mental Hygiene Law section 9.39(a) she failed to perform the necessary test and examinations in order to determine that plaintiff was either 1) a "substantial risk of physical harm to himself to as manifested by threats or attempts at suicide or other conduct demonstrating that he is dangerous to himself" or 2) "a substantial risk of physical harm to other persons as manifested by homicidal or other violent behavior by which others are placed in reasonable fear of serious harm."

The MTCA fails to meet the standards of the constitutional rule of the vagueness doctrine. New York has a better civil commitment law. The MTCA is clearly Unconstitutionally Vague and should be declared Unconstitutional.

9

## MTCA  VIOLATES FIFTH ADMENDMENT RIGHTS

The Fifth Amendment protects individuals from being forced to incriminate themselves. Incriminating oneself is defined as exposing oneself (or another person) "in a criminal prosecution or the danger thereof." * Black's Law Dictionary, p. 690 (5th ed. 1979). The Fifth Amendment to the U.S. Constitution states:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

The privilege against compelled self-incrimination is defined as "the constitutional right of a person to refuse to answer any question or otherwise give testimony against himself or herself..." *Self-Incrimination, Privilege Against," Barron's Law Dictionary, p 434 (2d ed. 1984). To "plead the fifth" is to asked" lead a claimant to possess a "reasonable cause to apprehend danger from a direct answer", believing that "a reasonable cause to apprehend of why it cannot be answered might be dangerous because injurious disclosure could result." * Ohio v. Reiner, 532 U.S. 17 (2001), Hoffman v. U.S., 351 U.S. 479 (1951),  Counselman v. Hitchcock, 142 U.S. 547 (1892).

The right against self incrimination and the right to remain silent was also confirmed in the landmark Miranda v. Arizona 384 U.S. 436 (1966) where the United States Supreme Court, held that both inculpatory and exculpatory statements made in response to interrogation by a defendant in custody will be admissible at trial only if the prosecution was informed of his right to consult with an attorney before and during questioning and of the right against self-incrimination prior to questioning by the police, and that the defendant not only understood these rights, but voluntarily waived them. The Miranda decision became famous in part because following the decision, the nation's police departments were required to inform arrested persons of their Fifth Amendment rights, termed a Miranda warning.

The MTCA is clearly Unconstitutional because it violates the Fifth Amendment Rights of it's victims including the right against self-incrimination.  The MTCA is the antithesis of the Miranda decision and a Miranda warning based on Fifth Amendment right against self-incrimination and the right to remain silent.  In criminal matters you have the right to remain silent pursuant to the Fifth Amendment, while during a MTCA psychiatric examination that could determine whether or not you go to a psych jail, your silence could be diagnosed as being withdrawn, resistance or suffering a "Noncompliance With Treatment" disorder.  Whatever you say, however can and will be used against you.  It's a case of "die if you do, die if you don't."  Only two states - Wisconsin and Illinois actually

10

require that a respondent be notified of the right to remain silent during a "mental health" examination. The Unconstitutional MTCA does not require it's victims be notified of their right to remain silent and it lacks "many of the safeguards of the criminal process," Warren Burger, O'Connor v. Donaldson 422 U.S. 563 (1975).

Victims of the MTCA are put into psych prisons with people that are considered to a "danger to self or others" and who might kill you. On January 23, 2014 Micheal Francis Douglas, a convicted killer, killed another another patient in the psych prison called the Minnesota Security Hospital in St. Peter, MN. As Ronald Reagan would say "Their goes the MTCA again." - "Government is not the solution, government is the problem."

## MTCA VIOLATES FOURTH AMENDMENT RIGTHS

The U.S Supreme Court has long required that suspects arrested without warrants be given prompt proable cause hearings pursuant to the Fourth Amendment to the U.S. Constitution which states:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

In Gerstein v. Pugh, 420 U.S. 103 (1975), the U.S. Supreme Court stated that Fourth Amendment requires that requires a judical determination of probable cause prior to an "extended restraint of liberty" after an arrest. It held that procedures then employed in Florida, under which a person arrested without a warrant and charged by information could be jailed pending trial for 30 days without any opportunity at all for a determineation of probable cause, were unconstitutional. That decision found that those arrested without warrants were entitled to "prompt" proable cause hearings.

In County of Riverside v. Mclaughlin, 500 U.S. 44, 53 (1991), the U.S. Supreme Court ruled that those arrested without warrants are entitled to probable cause hearings "no later" than 48 hours after arrrest, setting an outer limit in ordinary circumstances to limit the time to bring the arrestee before a judical officers who could either find probable cause to continue to hold him or determine that there was no such probable cause to believe that they had committed a crime, and therefore order them released.

The Court reasoned that, in order to satisfy Gerstein's promptness requirement, a jurisdicticition that chooses to combine probable cause determinations with other pretrial proceedings must do so as soon as is reasonably feasible, but in no event later than 48 hours after arrest. Providing a probable cause determination within that time frame would, as a general matter, immunize such a jurdistiction from systemic challenges.

11

It cautioned, however, that although a hearing within 48 hours could still violate Gerstein if the arrested individual can prove that his or her proable cause determination was delayed unreasonably, i.e. for no good reason, courts evaluating the reasonableness of a delay "must allow a substantial degree of flexibility, taking into account the practical realities of pretrial procedures.  Where an arrested individual does not recive a probable cause determination within 48 hours, the burden of proof shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance."

MTCA is Unconstitutional because it violates the Fourth Amendment rights of it's victim's including Gerstein's release 48 hours after arrest promptness requirement if judicial officers have not made a probable cause determination within 48 hours of arrest. MTCA institutions are not judicial officers, they only act as a sort of middleman in between the police and judicial officers.  The purpose of MTCA institutions is in part to profit from violations Gerstein's promptness requirement which destroys the MTCA victim's Fourth Amendment rights.  For example, HCMC a large MTCA institution in Minneapolis delayed and stretched  Gerstein's release after 48 hours requirement if probable cause does not exist into 194 hour incarceration after arrest before I finally met with a judicial officer at about 10:30 am on June 30, 2014.  This had the effect of padding, and adding and inflating my HCMC bill all the way up to $22,215.08. The ridiculously, inflated, and  pumped up HCMC bill by about $15,215.08.  The HCMC bill would have been only about $7,000 if I had been released after 48 hours which is compelled by the Fourth Amendment 48 hour release Gerstein requirement in my situation because their was no probable cause for my arrest.  HCMC charges in part by the day, more than $2,000 a day so delaying and stretching a 48 hour into a nine (9) incarceration is as Ira Raplaelson, a former acting U.S. Attorney in Chicago, would say is one "Hell a Racket."

Everybody knows that when the government is paying bill that it is a good business practice to charge the idiots the maximum possible amount. The MTCA crooks know that and they did. The MTCA is one "Hell of a Racket."

In the securities industry the aforesaid would be viewed as fraud and theft, I know. Plaintiff Kalberer is a former Chicago Mercantile Exchange executive who worked with Lorie Cohn of the Chicago Tribune on a major February 1987 article about fraud and theft at the Chicago Mercantile Exchange and I met Ira Raplaelson, the acting U.S. Attorney in Chicago about two years later when he was prosecuting a number of futures traders for fraud and theft.  Plaintiff Kalberer has been having problems with all his brokers including Etrade, since February 1987.  When MTCA crooks can make more than $2,000 a day telling lies, everybody knows that they will be doing.

To put the $22,215.08 HCMC bill into proper perspective it will help to review the Mental Health bill that New York City Police Officer Adrain Schoolcraft received after he was PSYCHED in retaliation for his documentation and disclosure of rampant

12

corruption within the New York City Police Department ("NYPD"). "In order to prevent disclosure of these illegal and unconstitutional acts, which would have revealed rampant NYPD corruption, defendants unlawfully entered plaintiff's home, had him forcibly removed in handcuffs, seized his personal effects, including evidence he had gathered documenting NYPD corruption and had him admitted to Jamaica Hospital Center against his will, under false and perjurious information that plaintiff was "emotionally disturbed". Thereafter defendant officers conspired with Jamaica Hospital Center personal to have the plaintiff involuntarily committed in its psychiatric ward for six (6) days, all in in an effort to tarnish plaintiff's reputation and discredit his allegation should he succeed in disclosing evidence of widespread corruption within the NYPD. As a result of these actions plaintiff's...reputation was irreparably and permanently damaged." *page 2 of complaint, Adrain Schoolcraft v. The City of New York, et. Seq Civil Case No. 10CV6005 in the U.S. District Court in the Southern District of New York. Adrain Schoolcraft is lucky to be alive, he has sued the NYPD and others for the sum of fifty million dollars ($50,000,000.00). Everybody knows that the NYPD wants to kill Adrian Schoolcraft who was forced to flee New York City and live in upstate New York in order to stay alive. The Jamaica Hospital Center only billed Adrain Schoolcraft $7,185 for his six (6) incarceration. MTCA crooks billed Plaintiff Kalberer $22,215.08 for a nine (9) incarceration in HCMC psych prison pursuant to false and perjurious information.

"The whole art of government consists in the art of being honest" Thomas Jefferson, (1774) page 9, "The Summary View of the Rights of British America" which is a 9 page PDF file that you can web surf on Google. In situations like in the Schoolcraft case the nation's civil commitment laws have become a Conspiracy of Evil, where everybody is lying. The MTCA is a "Hell of a Racket" and in the interests of Justice it should be declared Unconstitutional.

The MTCA 72- hour emergency hold period and other MTCA procedures that delay judicial officials from making  probable cause determinations are unconstitutional legal baloney which are discussed in the MTCA 253B.05 Emergency Admission section and MTCA 253.06 Initial Assessment section and  other parts of the MTCA. In order to comply with the Fourth Amendment's 48-hour Gerstein prompt release requirement if a judicial official does make a probable cause determination the MTCA has to be declared unconstitutional and a new MTCA law written that compels that Judicial Officials met with the MTCA victim within 48 hours of the arrest and make probable cause determination.

As Ronald Reagan would say, "There goes the MTCA again." - "Government is not the solution, government is the problem." The MTCA is clearly Unconstitutional and should be declared so.

13

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays that this Court:

1. Declare the Minnesota Commitment and Treatment Act, ("MTCA") Minn. Stat. 253B.01 et. Seq.  facially invalid, and unconstitutional and therefore void which has the effect of striking down the MTCA entirely.

2. Give this Notice of Pre-Emptive Facial Constitutional Challenge and his District Judge Demand of 11/08/2014 priority over and above and pre-empt all all other matters before the Court and that the scheduled 11/25/2014 Court conference at 9:15 am be delayed until after the Court decides and rules until after on the aforesaid.

Respectfully Submitted,

George H. Kalberer

George H. Kalberer

Dated:  November 21, 2014

701 Koester Court #91
Northfield, MN 55057

Email: kalberercapital@gmail.com